IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| MICHAEL J. COLLINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  04-3279 |
| | ) | |
| THE PURDUE PHARMA | ) | |
| COMPANY, PURDUE PHARMA | ) | |
| L.P., PURDUE PHARMA, INC., | ) | |
| PURDUE FREDERICK COMPANY, | ) | |
| THE P.F. LABORATORIES, INC., | ) | |
| and MALLINCKRODT, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION**

JEANNE E. SCOTT, U.S. District Judge:

This matter is before the Court on Plaintiff Michael J. Collins' Motion to Dismiss with Prejudice (d/e 96) (Motion to Dismiss ).  Plaintiff seeks an order dismissing the matter with prejudice, and he asks the Court to retain jurisdiction to enforce the Settlement Agreement executed by the parties on October 23, 2006.  By Text Order dated October 26, 2006, the Court informed the parties that the relief sought was unavailable under Shapo v. Engle, 463 F.3d 641 (7th Cir. 2006).  The Court granted the parties leave to

1

inform the Court of their intentions in light of <u>Shapo</u> on or before November 22, 2006. The Court noted that if the parties failed to respond by the given date, the Court would allow Plaintiff's Motion to Dismiss in part, dismissing the matter without prejudice. Counsel for all parties have informed the Court that they do not intend to file responses. Therefore, the Motion to Dismiss is allowed, in part, and denied, in part, as follows.

In accordance with the Settlement Agreement executed by the parties on October 23, 2006, it is hereby ordered:

1. This Court has jurisdiction over this action and over each of the parties.

2. All claims in the captioned action against the Defendants and/or their current, past, or future owners, directors, officers, employees, attorneys, insurers, accountants, direct and indirect shareholders, partners, members, and/or agents, whether known or unknown, are hereby dismissed without prejudice and without costs.

3. Neither this Order, the Settlement Agreement, nor any of its terms or the negotiations or papers related thereto shall constitute evidence or an admission by any Defendant of any liability or wrongdoing or the truth of any of the claims or allegations in this case. Neither this Order, the

Settlement Agreement, nor any of its terms or the negotiations or papers related thereto shall be offered or received in evidence or used for any purpose whatsoever, in this or any other matter or proceeding in any court, administrative agency, arbitration, or other tribunal, other than as expressly set forth in the Settlement Agreement.

    4.    This Opinion is being entered in order to allow the parties to enforce it.  See Shapo, 463 F.3d at 646.  Plaintiff's claims are dismissed without prejudice, and the Court retains jurisdiction to enforce the terms of the Settlement Agreement.  Id.

THEREFORE, based on the representation that all issues arising in this action have been settled and resolved, Plaintiff Michael J. Collins' Motion to Dismiss with Prejudice (d/e 96) is ALLOWED, in part, and DENIED, in part.  Plaintiff's request for dismissal with prejudice is denied as inconsistent with the other relief requested.  The Motion is allowed in all other respects.  Plaintiff's claims are dismissed without prejudice.  All pending motions are denied as moot.  This case is closed.

IT IS THEREFORE SO ORDERED.

ENTER:   November 21, 2006.

FOR THE COURT:

                                              s/ Jeanne E. Scott
                                               JEANNE E. SCOTT
                                  UNITED STATES DISTRICT JUDGE